**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CESAR ONIEL CENTENO PASTRANA,
YIMI JOSUE MANIA, VICTOR
ANTONIO ORDONEZ CASTILLO, RONI
JOSUE HERNANDEZ GARCIA, AND
WILSON LEONEL PEREZ
MARADIAGA, by and through their next
friend, KYLE SLONE,

       Petitioners,

v.             CIVIL ACTION NO. 3:26-0486

DAVID VENTURELLA, Acting Director,
United States Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary of Homeland Security; TODD
BLANCHE, Acting United States
Attorney General; DAVID KLUEMPER,
Supervisory Detention and Deportation
Officer, United States Immigration and
Customs Enforcement; KENNETH
BARNETT, Supervisory Detention and
Deportation Officer, United States
Immigration and Customs Enforcement;
JOHN RIFE, Field Office Director,
Philadelphia Field Office, United States
Immigration and Customs Enforcement,
in their official capacities,

       Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners Cesar

Oniel Centeno Pastrana, Yimi Josue Mania, Victor Antonio Ordonez Castillo, Roni Josue

Hernandez Garcia, and Wilson Leonel Perez Maradiaga. *Pet*., ECF No. 1.

For the following reasons, Petitioner Perez Maradiaga's Petition is **GRANTED**. Relief has already been afforded to Petitioners Centeno Pastrana, Ordonez Castillo, and Josue Mania. *See Mem. Op. and Order* 2-3, ECF No. 19. Petitioner Hernandez Garcia's Petition remains pending.

## I. BACKGROUND

With the recent influx of habeas corpus cases involving detained immigrants, the Court has repeatedly rejected the Government's identical argument of statutory interpretation of 8 U.S.C. §§ 1225 and 1226 of the Immigration and Nationality Act (INA). *See id.* Both parties agree that there are legal and factual distinctions in Petitioner Perez Maradiaga and Petitioner Hernandez Garcia's cases that have not yet been addressed by this Court. *Unopposed Mot. to Amend Briefing Schedule and Continue Show Cause Hrg.* 2, ECF No. 14. The Court granted a continuance of the originally scheduled Show Cause Hearing and provided the parties an opportunity to submit additional briefing. *See Orders*, ECF Nos. 18, 25.

Petitioners challenge their current civil immigration detention without individualized custody determinations and request immediate release. *Pet.* ¶¶ 2–3, 18, 20, 21. Petitioners were arrested on the morning of July 31, 2026, within the interior of the United States, in Hurricane, West Virginia, near exit 34, following a traffic stop. *Id.* ¶¶ 17, 19. The current Petition was filed on the same morning as their arrest. Petitioners argue they are presently detained in violation of the INA and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 3.

## II. LEGAL STANDARD

A petitioner may be entitled to habeas corpus relief if a district court determines the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (citations omitted); 28 U.S.C. § 2241(c)(3).

"The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### III. DISUSSION

First, the Court has jurisdiction to review Petitioner Perez Maradiaga's Petition challenging his detention. The Government did not raise arguments as to jurisdiction in its response despite reciting the legal standard of a motion to dismiss for lack of subject matter jurisdiction. *Gov't's Perez Maradiaga Resp.* 2, ECF No. 10. Regardless, as will be discussed below, this case does not present differences in legal analysis from this Court's prior decisions [1] concerning INA interpretation, nor does it present distinctions relevant to the jurisdiction of the Court.

The Government argues that, while many petitioners have successfully argued they are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), Petitioner Perez Maradiaga's case is distinguishable because he is subject to expedited removal and detention governed by 8 U.S.C. § 1225(b)(1)(A). *Id.* at 2. Petitioner Perez Maradiaga argues that he was erroneously placed into expedited removal proceedings because he has been present in the United States for over two years. *Perez Maradiaga Reply* 2, ECF No. 21.

Under the expedited removal procedure of § 1225(b)(1)(A), if an immigration officer determines an undocumented individual is inadmissible, based on a number of specified reasons including lack of valid entry documents, then the officer "shall order the alien removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). If the individual indicates either an intention to apply for asylum or expresses fear of persecution, "the officer shall

---

[1] *See e.g., Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476, at *2 (S.D. W. Va. Feb. 5, 2026).

refer the alien for an interview by an asylum officer under paragraph (B)." 8 U.S.C. § 1225(b)(1)(A)(ii). Section 1225(b)(1)(A) applies to any individual "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).[2]

The Government originally argued that Petitioner Perez Maradiaga "has not established that he has been in the United States continuously for two years, and, thus, was processed for expedited removal . . . ." *Gov't's Perez Maradiaga Resp*. 2. In Petitioner Perez Maradiaga's Reply, he states that he told immigration officials, who were having difficultly communicating with him, that he entered the United States in 2022 and that he could provide tax paperwork substantiating his presence in this country. *Perez Maradiaga Reply* 2. Petitioner Perez Maradiaga also indicated that he informed immigration officials of his fear of returning to Honduras when asked, but that he was not referred to an asylum official for a credible fear interview. *Id.* at 3. The Government opposes this argument referencing an Immigration and Customs Enforcement (ICE) database displaying Petitioner Perez Maradiaga's intake information. *Gov't's Perez Maradiaga Surresponse* 2, ECF No. 30 (Gov't's Ex. 1, ECF No. 10-1, at 4). The Government also filed a Motion for Leave to Supplement with additional documentation of Petitioner Perez Maradiaga's intake with ICE. ECF No. 31. The Court **GRANTS** the requested leave and considers the documentation; however, it does not persuade the Court to rule for the Government. First, the documentation contains a "Record of Sworn Statement in Proceedings under Section 235(b)(1) of

---

[2] Individuals described within subparagraph (F), inapplicable to the present circumstances, are also exempt from this section. 8 U.S.C. § 1225(b)(1)(A)(iii)(II).

the Act" which states that Petitioner Perez Maradiaga answered negatively when asked if he had a fear of returning to his home country. *See Gov't's Ex. 1*, ECF No. 31-1, at 4. However, the documentation also indicates that Petitioner Perez Maradiaga was asked, "[w]hen, where, and how did you enter the United States?" and answered, "[w]alking near Piedras Negras, Mexico." *Id.* Even if Petitioner Perez Maradiaga did not have a fear of returning to Honduras, the documentation does not show that the year of entry was gleaned or determined to have been less than two years ago. Petitioner Perez Maradiaga still does not fall into expedited removal proceedings if he has been present in the United States for over two years.

Petitioner Perez Maradiaga provided documentation to the Court, including a letter assigning him an Individual Taxpayer Identification Number in May of 2024. *Perez Maradiaga Ex. A*, ECF No. 21-1, at 4. The Government acknowledges that the expedited removal designation requires that an individual has been found to be inadmissible by immigration officials within two years of entering the country. *Gov't's Perez Maradiaga Surresponse* 2. The Government states that "[a]t the time petitioner was processed by ICE ERO, Petitioner was unable . . " to prove continued presence. *Id.* In its Surresponse, the Government does not challenge the validity of Petitioner Perez Maradiaga's documentation. *Id.* It is clear Petitioner Perez Maradiaga has been improperly placed into expedited removal proceedings. Thus, the legal analysis is the same as those undertaken by this Court and courts of this District uniformly rejecting the Government's interpretation of the INA as it applies to undocumented individuals arrested within the country after having been here for over two years.[3]

---

[3] *See Izaguirre v. Mason*, No. 2:26-CV-00121, 2026 WL 561235, at *3–5 (S.D. W. Va. Feb. 27, 2026) (Goodwin, J.); *Umarov v. Mason*, No. 2:26-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.); *Briceno Solano v. Mason*, No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.).

Thus, as previously stated in this Court's adopted opinions,[4] Petitioner Perez Maradiaga's present mandatory and unreviewed detention is contrary to the INA and in violation of his due process rights.

### IV. CONCLUSION

Accordingly, Respondents' Motion to Dismiss, ECF No. 10, is **DENIED**, and Petitioner Perez Maradiaga's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**.

Respondents were previously ordered to transport Petitioner Perez Maradiaga back to the Southern District of West Virginia, by noon, for the Show Cause Hearing. Respondents are **ORDERED** to **PROMPTLY RELEASE PETITIONER** Perez Maradiaga in the Southern District of West Virginia, today, Friday, August 7, 2026. Respondents are **ORDERED** to facilitate the prompt return of all property seized incident to Petitioner Perez Maradiaga's detention, including legal documents. Respondents shall file a notice of compliance with the Court.

The Court **ORDERS** that Respondents are **PROHIBITED** from re-arresting and detaining Petitioner Perez Maradiaga under 8 U.S.C. § 1225 and are **PROHIBITED** from re-arresting and detaining Petitioner Perez Maradiaga under 8 U.S.C. § 1226(a) absent notice, a reasonable opportunity to obtain counsel, and a constitutionally adequate custody determination hearing before a neutral and detached decisionmaker. Respondents are **PERMANANTLY ENJOINED** from imposing any conditions or restraints on Petitioner Perez Maradiaga's liberty (including but not limited to an ankle monitor, curfew, or electronic monitoring) without an individualized assessment of the need for such restraints and a pre-deprivation hearing before a neutral and detached decisionmaker.

---

[4] *Uulu v. Aldridge*, No. 3:26-073, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476.

The Show Cause Hearing previously scheduled for today, Friday, August 7, 2026, proceeds only as it concerns Petitioner Hernandez Garcia.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented party.

ENTER:        August 7, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE