**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CESAR ONIEL CENTENO PASTRANA,
YIMI JOSUE MANIA, VICTOR
ANTONIO ORDONEZ CASTILLO, RONI
JOSUE HERNANDEZ GARCIA, AND
WILSON LEONEL PEREZ
MARADIAGA, by and through their next
friend, KYLE SLONE,

     Petitioners,

v.           CIVIL ACTION NO. 3:26-0486

DAVID VENTURELLA, Acting Director,
United States Immigration and Customs
Enforcement; MARKWAYNE MULLIN,
Secretary of Homeland Security; TODD
BLANCHE, Acting United States
Attorney General; DAVID KLUEMPER,
Supervisory Detention and Deportation
Officer, United States Immigration and
Customs Enforcement; KENNETH
BARNETT, Supervisory Detention and
Deportation Officer, United States
Immigration and Customs Enforcement;
JOHN RIFE, Field Office Director,
Philadelphia Field Office, United States
Immigration and Customs Enforcement,
in their official capacities,

     Respondents.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a Petition for Habeas Corpus relief filed by Petitioners Cesar

Oniel Centeno Pastrana, Yimi Josue Mania, Victor Antonio Ordonez Castillo, Roni Josue

Hernandez Garcia, and Wilson Leonel Perez Maradiaga. *Pet*., ECF No. 1.

For the following reasons and those stated on the record, the Petition is **GRANTED, in part,** as it concerns Petitioner Hernandez Garcia. Appropriate relief has already been afforded to Petitioners Centeno Pastrana, Ordonez Castillo, Josue Mania, and Perez Maradiaga. *See Mem. Op. and Order* 2-3, ECF Nos. 19, 32.

### I. BACKGROUND

With the recent influx of habeas corpus cases involving detained immigrants, the Court has repeatedly rejected the Government's identical argument of statutory interpretation of 8 U.S.C. §§ 1225 and 1226 of the Immigration and Nationality Act (INA). *See id*. Both parties agree that there are legal and factual distinctions in Petitioner Maradiaga and Petitioner Hernandez Garcia's cases that have not yet been addressed by this Court. *Unopposed Mot. to Amend Briefing Schedule and Continue Show Cause Hrg*. 2, ECF No. 14. The Court granted a continuance of the originally scheduled Show Cause Hearing and provided the parties an opportunity to submit additional briefing. *See Orders*, ECF Nos. 18, 25.

Petitioners challenge their current civil immigration detention without an individualized custody determination and request immediate release. *Pet.* ¶¶ 2–3, 18, 20, 21. Petitioners were arrested on the morning of July 31, 2026, within the interior of the United States, in Hurricane, West Virginia following a traffic stop. *Id.* ¶¶ 17, 19. The current Petition was filed on the same morning as their arrest. Petitioners argue they are presently detained in violation of the INA and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 3. Petitioner Hernandez Garcia was first apprehended near the border by immigration officials in 2023. *Gov't's Ex. 1*, ECF No. 12-1, at 3. He was released on recognizance due to a lack of space and served with a notice to appear containing a hearing date in January of 2026. *Id.* He was ordered removed after failing to attend such hearing. *See id.* at 12

## II. LEGAL STANDARD

A petitioner may be entitled to habeas corpus relief if a district court determines the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (citations omitted); 28 U.S.C. § 2241(c)(3). "The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## III. DISUSSION

The Court first evaluates jurisdiction of the claim. The Government moves to dismiss, arguing that 8 U.S.C. § 1252(g) bars this Court from reviewing the Attorney General's decision to execute an order of removal. *Gov't's Hernandez Garcia Resp*. 14, ECF No. 12. As this Court has previously addressed, the § 1252(g) is limited to three discreet actions of the attorney general: commencement of proceedings; adjudication of cases; and execution of removal orders. 8 U.S.C. § 1252(g); *Simanca Gonzalez v. Aldridge*, No. 3:26-0055, 2026 WL 313476, at *2 (S.D. W. Va. Feb. 5, 2026); *Suri v. Trump*, --- F.4th ----, 2026 WL 2123557, at *18 (4th Cir. July 23, 2026). Petitioner Hernandez Garcia states that he "challenges the arbitrary executive detention imposed upon him in the absence of statutory authority and pre-deprivation process." *Pet'r Hernandez Garcia's Reply* 5, ECF No. 16. Considering the Petition seeks relief from detention and not removal, Section 1252(g) does not deprive the Court of jurisdiction. *Suri*, 2026 WL 2123557, at *17.[1] Additionally, at the Show Cause Hearing, the Government withdrew objections based on jurisdiction. Thus, the Court has jurisdiction to review the present detention of Petitioner Hernandez Garcia. The Government's Motion to Dismiss, ECF No. 12, is **DENIED**.

---

[1] The same is true for 8 U.S.C. § 1252(a)(5), which the Government argues in its surreply, also bars this Court's jurisdiction. *See Gov't's Hernandez Garcia Surreply* 2–3, ECF No. 26.

The Government states that Petitioner Hernandez Garcia is subject to a final order of removal and properly detained pursuant to 8 U.S.C § 1231. *Gov't's Hernandez Garcia Resp.* 2.

Section 1231 governs detention of undocumented individuals after a final order of removal has been issued. *Castaneda v. Perry*, 95 F.4th 750, 760 (4th Cir. 2024). Under 8 U.S.C. § 1231(a)(1)(A), the Government has ninety days to execute a removal of an individual.[2] The removal period may extend past ninety days and the undocumented individual "may remain in detention during such extended period if . . . [he] conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C). During the removal period, detention is mandatory. 8 U.S.C. § 1231(a)(2)(A). Detention "beyond the removal period" is discretionary, if the Attorney General deems the individual to be a risk to the community or unlikely to comply with the order of removal. 8 U.S.C. § 1231(a)(6). The Supreme Court explained that detention after the removal period must be reasonably necessary to secure removal. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). More specifically, removal must be significantly likely in the reasonable future. *Id.* at 701. After the presumptively reasonable six-month post-removal discretionary detention period, the "*Zadvydas* standard" applies, requiring the Government to either rebut an undocumented individual's showing of "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," or release the undocumented individual. *Johnson v. Guzman Chavez*, 594 U.S. 523, 529 (2021) (citations omitted). However, pursuant to Section 1231(a)(3), "[i]f an alien does not leave or is not removed within the removal

---

[2] According to the statute, the removal period begins on the latest of:
(i) the date the order of removal becomes administratively final;
(ii) if the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order; or
(iii) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.
8 U.S.C. § 1231(a)(1)(B).

period, the alien pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3).[3]

It is uncontested that Petitioner Hernandez Garcia's January 2026 order of removal, entered in absentia, is administratively final. *Gov't's Hernandez Garcia Resp.* 7; *Pet'r Hernandez Garcia's Reply* 2. Given that it has been ninety days since the removal order became final, the removal period has passed. *Id.*

The Government states, in its surreply, that the start of the removal period is tolled, pursuant to 8 U.S.C. § 1231(a)(1)(C), when the undocumented individual acts to prevent his own removal. *Gov't's Surreply* 3. The Government argues the petitioner in this case did so by failing to appear and by failing to provide the Department of Homeland Security with an updated address. However, this Court finds, as other courts have,[4] that this conduct is not such that justifies tolling of the removal period as intended by § 1231(a)(1)(C).

While the Government argues that detention under § 1231(a)(6) applies, Petitioner Hernandez Garcia argues that § 1231(a)(6) discretionary detention only applies when it is a continuation of § 1231(a)(1) mandatory detention initiated within the removal period. *Pet'r Hernandez Garcia's Reply* 2–3 (citing *Judith S.F.Z. v. Warden of the California City Correctional Center*, No. 1:26-cv-02966-TLN-CKD, 2026 WL 1802129, at *3 (E.D.Cal., June 22, 2026); *Diallo v. Joyce*, 817 F.Supp.3d 202, 208 (S.D.N.Y., Dec. 23, 2025); *Rodriguez v. Moniz*, No. 26-13241-BEM, 2026 WL 2123649, at *1 (D.Mass., July 23, 2026)). Petitioner Hernandez Garcia argues that release under supervision is mandated by 8 U.S.C. § 1231(a)(3). *Id.* at 4. The Court agrees

---

[3] This section continues to list requirements to be imposed within the regulations of supervision.

[4] *Gomez v. Albarran*, No. 26-cv-01790-NW, 2026 WL 1229590, at *5 (N.D. Cal. May 5, 2026); *Gregario Ordonez v. Bondi*, No. 2:25-CV-02356-JHC-TLF, 2025 WL 3852444, at *6 (W.D. Wash. Dec. 19, 2025).

with Petitioner Hernandez Garcia. Unlike this petitioner who was initially detained after the removal period ended, the cases cited by the Government address circumstances where petitioners challenge the constitutionality of their post-removal period detention after already having been detained during the removal period. *See e.g.*, *Zadvydas*, 533 U.S. at 686; *Castaneda*, 95 F.4th at 753–54. Additionally, the language within § 1231(a)(6) indicates that detention "beyond the removal period" is discretionary, yet the Government still did not provide Petitioner Hernandez Garcia with the procedural safeguards provided within 8 U.S.C. § 1231(a)(6) – a determination of risk of flight and harm to community. Thus, the Government does not have statutory authority to detain Petitioner under 8 U.S.C. §§ 1231(a)(1) or 1231(a)(6).

Additionally, Section 1231 contains a specific provision addressing Petitioner Hernandez Garcia's circumstance. Petitioner Hernandez Garcia, who was not detained during the removal period and did not leave the country during the removal period, falls squarely within Section 1231(a)(3) which provides for release under supervision. 8 U.S.C. § 1231(a)(3).

Given entitlement to relief based on insufficient statutory authority for his detention, the Court foregoes in depth analysis of Petitioner Hernandez Garcia's additional arguments. Briefly, based on the Government's invocation of 8 C.F.R. § 241.4, Petitioner Hernandez Garcia argues that he did not receive the process to which he is entitled pursuant to the regulation. *Gov't's Hernandez Garcia Resp.* 4, 12. Under regulatory authority, release on conditions can be revoked if an official in the exercise of their discretion determines:

> (i) [t]he purposes of release have been served; (ii) [t]he alien violates any condition of release; (iii) [i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien; or (iv) [t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate.

8 C.F.R. § 241.4(l)(2). However, the regulations include a process due to the undocumented individual. "Upon revocation, the alien will be notified of the reasons for revocation of his or her

release or parole. The alien will be afforded an initial informal interview promptly after his or her return to Service custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.4(l)(2). This process, too, was not followed.

Additionally, Petitioner Hernandez Garcia claims that regardless of detention authority, he was entitled to notice and an opportunity to be heard prior to his detention. *Pet'r Hernandez Garcia's Reply* 4. "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. The Court evaluates due process rights under the balancing test contained within *Mathews v. Eldridge*, 424 U.S. 319 (1976). The *Mathews* framework calls for the consideration of (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

The deprivation of liberty by imprisonment "lies at the heart of" the due process clause protections. *Zadvydas*, 533 U.S. at 689. Petitioner Hernandez Garcia has been living in the United States for several years, after being released into this country when he was first encountered by immigration officials in 2023. *Gov't's Ex. 1*, ECF No. 12-1, at 3. Thus, at that point, the Government deemed him not to be a flight risk nor a danger to the community. He is certainly entitled to notice and opportunity to be heard to address the necessity for his detention. Thus, the Court finds Petitioner Hernandez Garcia's due process rights have been violated.

### IV. CONCLUSION

Accordingly, Respondents' Motion to Dismiss, ECF No. 12, is **DENIED**, and Petitioner Hernandez Garcia's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED, in part**. The Government is **ORDERED** to **PROMPTLY RELEASE PETITIONER** Hernandez Garcia today, August 7, 2026, subject to an appropriate order of supervision in accordance with 8 U. S.C. § 1231(a)(3) and 8 C.F.R. § 241.5. To that end, Petitioner Hernandez Garcia will be returned to the Poca ICE facility and interviewed as necessary for the determination of his conditions of supervision. Petitioner Hernandez Garcia will be permitted to consult with counsel during such interview. If reasonable objections to certain conditions of release persist after attempted resolution between parties, such condition shall not be imposed and the matter shall be immediately brought to the Court's attention for resolution.

ENTER:        August 7, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

-8-